IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | | |
|---|---|---|
| KAY PROCHASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| MEADE COUNTY, KANSAS | ) | |
| SHERIFF'S OFFICE, BY AND | ) | |
| THROUGH MEADE COUNTY, | ) | |
| KANSAS BOARD OF COUNTY | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff, by and through attorneys J. Corey Sucher and Richard W. James of DeVaughn James Injury Lawyers and for her claims against Defendant, alleges and states:

1.    Plaintiff is a citizen of the state of Oklahoma.

2.    Defendant is a state of Kansas municipality as defined by K.S.A. 12-105a(a); Defendant is, therefore, a governmental subdivision and citizen of the state of Kansas; and Defendant may be served through the Meade County Clerk, Janet Hale, at 200 N. Fowler St., Meade, Kansas 67864.

3.    This Court has jurisdiction over the persons and subject matter.

4.    This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.    At all times relevant hereto, Alexander Goossen was an employee and/or agent of Defendant; was acting in the course and scope of his employment with Defendant; and was hired, trained, supervised, and retained by Defendant.

6.     On or about 11/6/2020, Alexander Goossen was operating an inmate/prisoner transport van (with inmates/prisoners in the van at the time) owned/and or leased by Defendant when he was involved in a collision (hereinafter, "the collision") with a vehicle being operated by Plaintiff.  The collision occurred in El Dorado, Butler County, Kansas.

7.     The actions and/or omissions of Alexander Goossen are the actions and/or omissions of Defendant under respondeat superior and vicarious liability.

8.     The actions and/or omissions of Defendant were negligent and/or wanton for the following reasons:

   a.   Inattentive operation of a motor vehicle;

   b.   Following too closely;

   c.   Speeding;

   d.   Speeding too fast for condition of stopped traffic ahead;

   e.   Failure to keep a proper lookout;

   f.   Failure to use ordinary care;

   g.   Failure to give warning;

   h.   Failure to take evasive action;

   i.   Careless driving;

   j.   Reckless driving;

   k.   Upon information and belief, operating a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, and/or email;

l.  Negligence and negligence per se for violations of laws, ordinances, and/or statutes of the state of Kansas and/or the city of El Dorado;

m.  Other negligent and/or wanton actions and/or omissions to be supplemented after discovery; and/or

n.  Negligent hiring, training, supervision, and/or retention of Alexander Goossen by, upon information and belief, failing to adequately warn and/or suspend and/or terminate and/or train in proper defensive driving skills and/or reprimand Alexander Goossen; failing to have adequate, based on industry standards, safety management protocols in place; failing to properly create and implement a formal safety program that would require, in part, Alexander Goossen to be comprehensively tested to determine understanding of defensive driving skills training received; failing to test Alexander Goossen for alcohol and drug consumption as needed; hiring unfit employees and/or agents, which it knew or should have known posed an undue risk of harm to Plaintiff and others, and failing to properly train, supervise, and monitor them, including, but not limited to, Alexander Goossen; retaining employees and/or agents who are not performing their jobs properly or adequately, including, but not limited to, Alexander Goossen; failing to use reasonable care in the hiring, selecting, training, monitoring, and retention of its employees and/or agents, including, but not limited to, Alexander Goossen; and/or ratifying all conduct of Alexander Goossen and/or his supervisory and/or hiring personnel, either expressly and/or impliedly.

9.  The negligent and/or wanton actions and/or omissions of Defendant proximately caused the collision and personal injuries and damages to Plaintiff.  Plaintiff's

damages include past and future medical expenses; other past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

10. Plaintiff has satisfied every condition precedent to the filing of this action, including complying with the statutory notice provisions of K.S.A. 12-105b(d). In the alternative, Defendant has waived or is estopped from raising the failure of satisfying a conditional precedent as a defense to Plaintiff's cause of action.

Plaintiff prays for judgment against Defendant in an amount in excess of $75,000.00, for costs herein, and for such other and any further relief as the Court deems fair, just, and equitable.

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial of this matter.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: /s/ J. Corey Sucher
J. Corey Sucher, #27789
Richard W. James, #19822
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
csucher@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiff*